IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| QIJUAN LI and BRIAN S. HELMOWSKI, | ) ) ) | |
| Plaintiffs, | ) ) | 8:07CV50 |
| v. | ) ) | |
| MICHAEL CHERTOFF, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; EMILIO T. GONZALES, DIRECTOR U.S. CITIZENSHIP & IMMIGRATION SERVICES; CAROLINE PRATT, DISTRICT DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES FOR OMAHA, NEBRASKA; and ROBERT S. MULLER, III, DIRECTOR OF FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on defendants' motion to dismiss the amended consolidated complaint (Filing No. 16). The Court has reviewed the motion, the briefs in support and opposition and the applicable law and makes the following findings.

## I.  MOTION TO DISMISS STANDARD

Defendants have filed a motion to dismiss asserting that the Court lacks subject matter jurisdiction over the plaintiffs' claims. Plaintiffs assert that the Court has jurisdiction over their claims and that they have sufficiently stated a claim so as to avoid dismissal at this juncture.

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const, art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). The Court considers the defendants' motion in light of the foregoing standard.

## II.  FACTUAL BACKGROUND

On July 15, 2005, plaintiff Qijuan Li ("Li") submitted an I-485 Adjustment of Status ("I-485") application to become a permanent resident of the United States with the United States Citizenship and Immigration Service ("USCIS") National Benefit Center in Lee's Summit, Missouri (Complaint, ¶ 11).  Li submitted fingerprints on July 27, 2005 (*Id.*).  On March 14, 2006, Li and her husband, plaintiff Brian S. Helmowski ("Helmowski") were interviewed at the USCIS Omaha District office (*Id.* at ¶ 12).  Plaintiffs were informed that the application was approvable pending the results of an FBI name check which USCIS had requested on July 28, 2005 (*Id.*, Complaint, Ex. F).

On March 22, 2006, the plaintiffs were notified by a letter from the USCIS National Benefit Center that Li's I-485 had been approved and her permanent resident card would be mailed to her within three weeks (Complaint, ¶ 13).  After not receiving the permanent resident card, Li called the USCIS National Customer Service Center on April 20, 2006, and was told that the card processing was on hold pending receipt of a second set of fingerprints and biometrics (*Id.* at ¶ 14).  Li went to the Omaha office the next day to submit the second set of fingerprints and biometrics and was told that her approval letter was mistaken as her FBI name check had not yet been completed (*Id.* at ¶ 15).  The original of Li's approval letter was seized (*Id.*).

On May 8, 2006, plaintiffs checked the case status online at the USCIS website and found that Li was still listed as having been approved (*Id*. at ¶ 17).[1] Therefore, on May 10, 2006, they personally submitted a request for expedited processing based in part on the discrepancy between the "approved" listing on the USCIS website and the representation by the USCIS Omaha office employee that the application was not approved because the name check had not yet been completed.

By December, 2006, having not gotten any clarification from USCIS, the plaintiffs contacted the office of United States Senator Ben Nelson which investigated and found that, as of December 13, 2006, the FBI name check was still pending. Yet, a review of the USCIS website on February 3, 2007, still indicated that Li's application had been approved on March 22, 2006.

Plaintiffs filed this complaint on February 6, 2007 (Filing No. 1). Defendants filed a motion to dismiss on May 18, 2007 (Filing No. 16). In conjunction with the motion to dismiss, defendants submitted the declaration of Michael A. Cannon, Section Chief of the National Name Check Program, which indicates that as of April 23, 2007, Li's name check was still pending.

---

[1] The Court's own review of the application status online found that, as of June 26, 2007, the USCIS website still lists Li's application as having been approved on March 22, 2006, with the permanent card due to be received within 60 days (or more than 13 months ago).

According to the USCIS website, the Omaha office is currently processing I-485 applications with a receipt notice date of January 13, 2007.[2]

### III.   LEGAL STANDARD

A.   Mandamus Jurisdiction

The issuance of a writ of mandamus is an extraordinary remedy reserved for extraordinary situations. *In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002). "[I]t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976).

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

---

[2]   Website is found at: https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=53 was last visited on July 19, 2007.

B.   APA Jurisdiction

To invoke jurisdiction under the Administrative Procedure Act ("APA"), a petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004)).  Once a petitioner has proven a right to relief, it is the reviewing court's duty to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "Section 706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing how it shall act.'"  *Norton*, 542 U.S. at 64.

**IV. ANALYSIS**

Plaintiffs assert that the Court has subject matter jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and under the APA.  Defendants contend that the Court lacks jurisdiction to compel a decision whether to grant or deny Li's I-485 application because that decision is committed to the discretion of the Attorney General.  There is a split of authority on the issue of whether courts have jurisdiction to compel the Attorney General to adjudicate immigration applications without unreasonable delay, compare *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177, at *11 (D. Minn. Dec. 8, 2006)(plaintiffs possess a right to have

the USCIS adjudicate their applications within a reasonable time) with *Sarvestani v. Chertoff*, 2007 U.S. Dist. LEXIS 43973, at *13 (E.D. Mo. June 18, 2007)(finding that a delay of more than 2 years is not an unreasonable delay so as to confer jurisdiction under the APA).

This Court concludes that the better reasoned view is that courts have jurisdiction at a minimum under the APA because defendants have a non-discretionary duty to process the I-485 application within a reasonable time, as distinct from its discretionary authority of whether to grant or deny the applications. *Haidari*, 2006 U.S. Dist. LEXIS 89177, at *15.[3] In *Haidari*, the court held that it had subject matter jurisdiction under the APA to review the USCIS' delay in adjudicating the petitioner's AOS application. There, as here, the USCIS conceded that it had a nondiscretionary duty to process

---

[3] The *Haidari* court does not stand alone. Other courts that have held that USCIS has a nondiscretionary duty to process applications within a reasonable period of time include: *Gelfer v. Chertoff*, 2007 U.S. Dist. LEXIS 26466, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007); *Aboushaban v. Mueller*, 2006 U.S. Dist. LEXIS 81076, 2006 WL 3041086, at *2 (N.D. Cal. October 24, 2006); *Mahd v. Chertoff*, 2007 U.S. Dist. LEXIS 20762, 2007 WL 891867, at *3 (D. Colo., March 22, 2007); *Zahani v. Neufeld*, 2006 U.S. Dist. LEXIS 56416, 2006 WL 2246211, at *1 (M.D. Fla. June 26, 2006); *Elkhatib v. Butler*, 2005 WL 5226742, at *2 (S.D. Fla. June 7, 2005); *Liu v. Chertoff*, 2007 U.S. Dist. LEXIS 29640, at *7-8 (C.D. Ill. Apr. 23, 2007); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999); *Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D. N. Mex. 1999); *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656-57 (N.D. Tex. 2005); *Fu v. Reno*, 2000 U.S. Dist. LEXIS 16110, at *13-14 (N.D. Tex. 2000);.

the AOS application, but argued that it had discretion over when to decide whether to approve or deny the application. *Id*. at *13. While defendants are correct, they miss the point as the *Haidari* court noted when it distinguished the discretionary decision of whether to grant or deny an adjustment application from the mandatory duty to make a decision. *Id*. at *13-14,

This Court agrees with the *Haidari* court that "the USCIS does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely . This result is explicitly foreclosed by the APA." *Id*. at *17 (*quoting Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D. N.Y. 2004).

Whether the delay of nearly two years was reasonable cannot be determined on a motion to dismiss. "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D. N. Mex. 1999). Here, the government argues generally that the USCIS has been working on plaintiffs' applications, and implies that the delay is out of their hands to the extent that they rely on the FBI to conduct the name check for background clearance (Reply at 2). However, the defendant Attorney General oversees both USCIS and the FBI, so shifting the onus to the FBI does not show timeliness. *See Gelfer v. Chertoff*, 2007 U.S. Dist. LEXIS 26466, 2007 WL 902382

at *2 (N.D. Cal. March 22, 2007)(the USCIS had not pointed "to a single action taken during that period of time [of two years] to further the processing of petitioner's application or a reason why petitioner's application is particularly troublesome"). While defendants point to a backlog, that does not by itself show, as a matter of law, that the delay in processing plaintiffs' applications is reasonable to prevail on a motion to dismiss. Without additional evidence regarding the actions taken by the defendants between the date of the filing of the I-485 and the date the plaintiffs filed this action, the Court cannot determine whether the defendants' failure to adjudicate the application was reasonable. Accordingly,

IT IS ORDERED the defendants' motion to dismiss (Filing No. 16) is denied. The USCIS is ordered to complete its adjudication of Li's I-485 application within thirty (30) days. Upon completion of the adjudication, the USCIS shall promptly inform this Court and the plaintiffs of its decision. This Court will retain jurisdiction over the matter in the interim to ensure that the USCIS complies with this order.

DATED this 19th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court